UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RAMON DELGADO-PEREZ,

                Plaintiff,

**17CV1194**

V.

THE CITY OF NEW YORK, JOHN DOE
NEW YORK CITY DETECTIVE (1); JOHN DOE
NEW YORK CITY DETECTIVE (2); UNITED
STATES POSTAL INSPECTOR ELIEZER JULIAN;
UNITED STATES POSTAL INSPECTOR RAIZA
DIAZ; JOHN DOE(S) UNITED STATES
INSPECTORS 1-13,

                Defendants.

**VERIFIED COMPLAINT**
**42 U.S.C.§ 1983**

**JURY TRIAL DEMANDED**

------------------------------------------------------------------X

Plaintiff *pro se* states as follows:

## PRELIMINARY STATEMENT

1. This is a consolidated *Bivens*, and 42 U.S.C. § 1983 action arising out of the warrantless intrusion, and search of Plaintiff's home, and a Conspiracy to suppress *inter alia*, in violation of his rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution. Plaintiff hereby asserts *Monell* claims against the City of New York, based on the widespread, pattern, and/or policies of

1

illegal searches & seizures by New York City police officers, and their failure to train and supervise its officers.

## JURISDICTION & VENUE

2. This action is brought pursuant to *Bivens,* 42 U.S.C. § 1983, 42 U.S.C. § 1988, 42 U.S.C. 1981, **Bivens,** and the Fourth and Fourteenth Amendments to United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C.§§ 1391, 1442 in that defendant(s) reside in ths jurisdiction, and or this Court has jurisdiction over federal employees.

## JURY TRIAL DEMANDED

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES TO THE ACTION

6. Plaintiff RAMON DELGADO-PEREZ, was at all times relevant a resident of Puerto Rico, specifically, Urb. Alturas de Rio Grande, Calle 6 G271 at Rio Grande, PR.

7. Defendant The City of New York, was relevant a municipal corporate sudivision of the State of New York, responsible for the policies,

2

customs, practices and usages in the New York City Police Department. Moreover, during the relevant times, the City of New York had the responsibility to ensure that its police officers were properly trained with regard to executing arrest warrants and/or search warrants.

8. Defendant(s) Jonh Doe(s) New York City Detectives (1) and (2) were at all times relevant employees of the City of New York, acting in their capacities as New York City Detectives.

9. Defendant United States Postal Inspector Eliezer Julian, was at all times relevant an employee of the United States of America.

10. Defendant United States Postal Inspector Raiza Diaz, was at all times relevant an employee of the United States of America.

11. Defendant(s) John Does 1-13 United States Postal Inspectors, were at all times relevant employees of the United States of America.

12. All defendant's are sued in their individual and official capacities.

## STATEMENT OF FACTS

13. In or around February 20, 2014, Plaintiff, while within his secure home, located at URB Alturas de Rio Grande, Calle 6, G271 at Rio Grande PR. At approximately 5:00 a.m. the above defendant's, collectively arrived at Plaintiff's residence with an arrest warrant, that was issued by the State of New York, specifically New York County.

3

Upon arrival, the above defendant's immediately began to breach Plaintiff's home porch gate by utilizing a circular saw *inter alia*, while simultaneously yelling "search Warrant" despite the fact, that defendant's did not have a search warrant. Plaintiff alarmed by what sounded like a circular saw or a massive grinder cutting his gate, he decide to peek out of his front window. Plaintiff discovered defendant's attempting to breach his porch gate. Plaintiff yelled out to defendant's to Stop! And further stated "I'm getting dressed and coming out, please stop cutting the gate" nevertheless, defendant's continued to cut Plaintiff's gate. Plaintiff subsequently dressed, and walked out into his porch area Note: Plaintiff never unlocked said gate. Plaintiff [through the locked gate] asked defendant's "do you have a warrant?" defendant's responded by putting Plaintiff at gun point, Plaintiff immediately lifted his shirt, and spun around in effort to demnonstrate that he was not carrying a weapon or otherwise a threat to the officers. Additional Note: although Plaintiff was standing in his porch area and not within the confines of his home he asserts that his rental lease encompassed the aforesaid gate, and the porch area. Sometime thereafter, defendants breached Plaintiff's home gate [the aforesaid gate is used exculusively for his home, and was easily distinguishable from

the general home entrance], Defendant's rushed in towards Plaintiff, forced him into a corner, and placed him into mechanical restraints. The breaching of Plaintiff's porch gate with the tools cited *supra* constitue Excessive force, together with the fact that defendant's violated the "No knock an Announce Rule."

14. A short time thereafter, defendant's stormed Plaintiff's home, and conducted a full blown search of his home despite not having a search warrant. During the search defendant Julian attempted to convince Plaintiff into signing a "Search Consent" form, [which he openly refused to sign], in effort to support his illegal search of Plaintiff's home.

15. In the course of the aforesaid search, defendant's discovered Plaintiff's handgun (Sig Sauer pistol, model P226, 9mm caliber, serial number U435157) loaded with a magazine containing (10) live rounds.

16. Plaintiff asserts that the aforementioned firearm was concealed in his bureau wraped in a towel. Nevertheless, defendant's collectively conspired to, and subsequently misrepresented the physical location of the aforesaid weapon and magazine in effort to satisfy the "Plain View Doctrine" and further to justify the illegal search of Plaintiff's home. Defendant's collectively, agreed to misrepresent the physical location

of the aforesaid weapon to the United States Attorney's office; defendant's acted out their "Conspiracy" by testifying before the U.S. District Court of Puerto Rico, to their fabricated facts, in furtherance of their deliberate efforts to violate Plaintiff's civil rights.

17. Separately, the above named defendant's confiscated $ 90,000.00 from Plaintiff's home during the aforementioned search, despite the fact, that Plaintiff was able to verify the source of the proceeds [Legal Lottery winnings].

18. As a result of the foregoing Plaintiff was charged with possesion, of an illegal firearm Pursuant to 18 U.S.C. § 922(g), and sentenced to jail time. Plaintiff avers that his finding of guilt, was against the weight of the evidence , and was a reversable error, because the firearm in question is "Fruit of the Poisonous Tree."

19. As a result of the foregoing Plaintiff was damaged and has or will suffer the following damages:

- Loss of liberty;

- Violation of his rights as secured by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution;

- Loss of Privacy;

- Mental anguish;

- Emotional Trauma & Distress;

- Imprisonment;

- Loss of work opportunity;

- Legal Expenses;

- Loss of personal property (through eviction);

- Humiliation, Degradation, and loss of Dignity.

20. As a result of the foregoing Plaintiff was damaged and seeks redress.

# COUNT I § 1983 CLAIMS EQUAL PROTECTION OF LAWS UNDER THE FOURTEENTH AMENDEMENT AGAINST ALL DEFENDANTS

21. Plaintiff hereby repeats and realleges paragraph's 1-20 and further alleges as follows:

22. The conduct of the named Defendant Inspectors, police officers, and Defendant the City of New York, acting under color of law, illegally

breaching Plaintiffs Porch gate and subsequently searching his home, providing false statements, conspiring against Plaintiff, among other intentional misconduct, was done intentionally, maliciously, and/or with reckless disregard for the probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious mental and emotional harm in violation of Plaintiff's constitutional rights including, but not limited to, his rights under the Fourth, Eighth, Amendments guaranteeing due process, right to fair trial and equal protection under the law, Plaintiff's Eighth Amendment claim is premised on defendant's use of excessive force, when they violated the "no knock an Announce Rule" and breached Plaintiff's porch gate while utilizing power tools, entered and searched his home..

23. By reason of defendant's conduct Plaintiff's suffered the aforesaid Constitutional injuries as stated *supra*.

## COUNT II § 1983 CLAIM OF ILLEGAL SEARCH AND SEIZURE AGAINST ALL DEFENDANT'S

24. Plaintiff hereby repeats and realleges paragraphs 1-23 and further alleges as follows:

8

25. Defendant's illegally entered and searched Plaintiff's home without any form of legal consent from Plaintiff or any other lawful order, or otherwise any legal justification; therefore, engaging in an illegal search and siezure of Plaintiff's home.

26. By reason of the foregoing Plaintiff's rights were violated and he seeks redress.

## COUNT III § 1983 *MONELL* CLAIM

## AGAINST THE CITY OF NEW YORK

Plaintiff repeats and realleges paragraphs 1-26 and further alleges as follows:

27. At all times material to this complaint, the defendant City of New York acting through the City of New York Police Department, had in effect de facto polices, practices and customes that were a direct and proximate cause of the unconstiutional conduct [of the New York City Dectective defendant's]. These de facto policies, practices and customs include, *inter alia* the failure to properly screen, supervise discipline, transfer, counsel, and/or otherwise control Police Officers who are repeatedly accusued of such acts; and the code of silence wherein New York City Police Officers, regularly cover up misconduct such as

Illegal Search and Seizure, and/or telling false incomplete stories or failing to report the misconduct and unjustified illegal searches of other Police Officers during the course of their employment.

28. While the tolerence for Illegal Searches and Seizures arises from the same set of police attitudes as the tolerance for corruption, there is an important difference. Unlike serious corruption, which most cops outwardly tolerate but inwardly deplore, resent, officers seem fairly tolerant—both outwardly and inwardly—of occasion New York City Police officers illlegal searches. Illegal searches of United States citizens is seen as the realities of policing. Upon information and belief, this mentality is exetended to Excessive Force.

29. On information and belief the City of New York, has been named in over 100 Civil Rigthts actions in the last 5 years, due illegal search & seizure, including but not limited to an illegal search and seizure class action *inter alia.*

30. Defendant the City of New York failed to exercise reasonable care by hiring, retaining, and not terminating the employment of said named New York City Detectives defendant's, or taking corrective action. The occurrences complained herein were due to the deliberate indiffernce to consitutional rights of residents of the City of of New York.The

10

Defendant the City of New York knew or should have known of the unlawful actions of the named defendant's through actual and constructive notice of their unlawful activities, including but not limited to, those allegations as set forth in paragraphs "1-30" above.

31. Defendant the City of New York failed to exercise reasonable care by retaining and not terminating the employment of said Police Detectives or taking other appropriate corrective action. The occurrences complained of herein were due to the recklessness of Defendant the City of New York.

32. Upon information and belief, Defendant the City of New York and New York City Police Department have failed to effectively screen, hire, train, supervise, and discipline their police officers, including all of the named New York City Police Detectives, for their propensity for misconduct, including lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct of other Police Offficers, thereby permitting and allowing the named Police Officer Defendant's herein to be in a position to unjustifiably manufacture evidence, arrest, restrain, and illegally search Plaintiff and to otherwise cause them injury and violate their federal constitutional rights.

33. Upon information and belief, all of the named Police Officer Defendants have been the subject of prior civilian, lawsuits, and deparmental complaints of misconduct that gave notice to, or should have given notice to, the City of New York that all of the named Police Officers were likely to engage in conduct that would violate the civil, and constitutional rights of the public, such as the conduct complained of by Plaintiff's herein.

34. Upon information and belief, Defendant City of New York and the New York City Police Department, maintained an inadequate structure for risk containment and stress management relevant to its police to its Police Officers, and failed to create proper means of containing such risk and managing such stress, *inter alia*, the structure was deficient, at the time selection of Police Officers and thereafter during their employment, in its ability to evaluate and exchange information within the comand structure about performance of individual Police Officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and its ability to otherwise put the command structure on notice that an individual or individuals were significant levels of risk to the public at large or to specific segments

thereof. The effect of this was to permit Police Officers to function at levels of significant and substantial risk to the public.

35. As a result of the foregoing conscious policies, practices, customs and/or usages Defendant City of New York, and the New York City Police Department, have permitted and allowed the empolyment and retention of individuals as Police Officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent snd fradulent behavior. Such policies, practicess, customs and/or usages are the direct and proximte of Plaintiff's damages.

Wherefore, Plaintiff request judgment upon all defendant's:

1. With respect to Defendant The City of New York; and New York City Police Department
   (a) Declaratory judgment declaring that Defendant City of New York, New York City Police Department has violated the aforesaid satutes and constitutions.
   (b) Restitution to Plaintiff of his rights, privileges, benefits and income which would have been recveived by hm but for the

       Defendants unlawful, wrongful, tortuous, and unconstitutional conduct;

   (c) Compensatory Damages in the amount of $ 10,000,000 or how it may be determined by a jury, but no less than $10,000,000;

   (d) Punitive Damages in the amount of $ 10,000,000 or how it may be determined by a jury, but no less that $ 10,000,000

   (e) Nominal Damages;

   (f) Reasonable attorney's fees, disbursements and costs of the action, Pursuant to 42 U.S.C. §1988;

   (g) All legal and statutory interest on sums awarded

2. With respect to each Police Officer Defendant's and U.S. Postal Inspectors;

   (a) Declaratory judgment declaring that the Defendants have violated the aforesaid statutes and constitutions;

   (b) Restitution to Plaintiff of his rghts, privileges, benefits and income which would have been received by them but for Defendants' unlawful, wrongful, tortious , and unconstitutional conduct.

   (c) Compensatory Damages in the amount to be determined by the Court and jury;

(d) Punitive Damages in the amount to be determined by the Court and jury;

(e) Resanoable attorney's fees, disbursements, and costs of this action, Pursuant to 42 U.S.C. § 1988;

(f) All legal and statutory interest on sums awarded.

Dated: Malone, New York

February 1, 2017

*Ramon Delgado* (signature)

Ramon Delgado Perez, 16A1336

Franklin Correctional Facility

P.O. Box #10

62-Bare Hill Rd.

Malone, New York, 12953-0010

## **VERIFICATION UNDER PENALTY OF PERJURY**

I Ramon Delgado-Perez, declare under penalty of perjury Pursuant to 28 U.S.C. § 1746: that I have read the contents of my verified complaint and state that

15

the contents therein are true and correct to the best of my knowledge, except for those matters that I declare to be on information and belief, and even those matters I believe them to be true. Executed February 1, 2017

*Ramon Delgado*

Ramon Delgado-Perez

Plaintiff

N DELGADO, DIN 16A1336

LIN CORRECTIONAL FACILITY

0X #10

e Hill Rd.

e, New York 12953-0010



U.S. POSTAGE PAID
YONKERS, NY
10701
FEB 13, 17
AMOUNT
$1.82
R2305M145651-15

1000    10007

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Attn: *Pro Se* Clerk

500 Pearl Street

New York, New York 10007