UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

RAMON DELGADO-PEREZ,

        Plaintiff,

 -v-                                                No. 17-CV-01194-LTS-BCM

THE CITY OF NEW YORK; JOHN DOE
NEW YORK CITY DETECTIVE 1; JOHN
DOE NEW YORK CITY DETECTIVE 2;
UNITED STATES POSTAL INSPECTOR
ELIEZER JULIAN; UNITED STATES
POSTAL INSPECTOR RAIZA DIAZ; JOHN
DOE UNITED STATES INSPECTORS 1-13,
Inclusive,

        Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        <u>Pro se</u> plaintiff Ramon Delgado-Perez ("Delgado-Perez" or "Plaintiff") brings this action against the City of New York ("City") and John Doe New York City Detectives 1 and 2, (collectively, the "City Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), and against United States Postal Inspector Eliezer Julian ("Julian"), United States Postal Inspector Rahiza Diaz ("Diaz"), and John Doe United States Inspectors 1-13 (collectively, the "Federal Defendants") pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). In his three-count Complaint, Plaintiff alleges that Federal and City Defendants violated his rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution when they conducted a warrantless search of Plaintiff's home and conspired to suppress evidence. (Compl., Docket Entry No. 2.)

        The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343.

Federal Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss all of Plaintiff's claims against them for lack of personal jurisdiction. City Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all of Plaintiff's claims against them as time-barred. (Docket Entry Nos. 37, 44.)

The Court has considered the parties' submissions carefully. For the following reasons, Defendants' motions are granted.

BACKGROUND

The following facts are drawn from Plaintiff's Complaint, the well-pleaded allegations of which are taken as true for purposes of this motion practice. On February 20, 2014, Plaintiff was arrested at his home at Urb. Alturas de Rio Grande, Calle 6 G271 at Rio Grande, Puerto Rico, on a New York County, New York, arrest warrant. (Compl. ¶ 13.) Plaintiff alleges that, during the arrest, Defendants breached the porch gate while yelling "search warrant," though none existed, and conducted an unauthorized, warrantless search of Plaintiff's home. (Id. at ¶¶ 13-14.) The search produced a handgun, which Plaintiff claims was wrapped in a towel and concealed in his bureau. (Id. at ¶ 15.) Plaintiff alleges that Defendants conspired to and did misrepresent the location of the gun to justify the illegal search of Plaintiff's home through the "plain view doctrine." (Id. at ¶ 16.) After the search, Plaintiff was charged in the United States District Court for the District of Puerto Rico as a felon in possession of a handgun, plead guilty on June 16, 2015, and was sentenced on September 21, 2015. (USA v. Delgado-Perez, No. 14-CR-00136-DRD (D.P.R.), Docket Entry Nos. 56, 63.)

Federal Defendants have submitted affidavits from Julian and Diaz that state that Julian and Diaz have never traveled to New York on official business, owned property or resided

in the state, or engaged in business transactions related to the state[1] (Diaz Decl., Docket Entry No. 39, ¶¶ 6-7, 10; Julian Decl., Docket Entry No. 40, ¶¶ 6-7, 10.) Federal Defendants further proffer an affidavit stating that the United States Postal Service never received an administrative claim from Plaintiff. (Beatty Decl., Docket Entry No. 41, ¶ 4.)

This action was commenced on February 16, 2017. Federal and City Defendants filed their motions to dismiss on April 26, 2018. Plaintiff has failed to respond to either motion and the Court has accordingly deemed them both fully briefed. (Docket Entry Nos. 51, 52.)

## DISCUSSION

This Court interprets the factual allegations of a pro se complaint "to raise the strongest arguments that they suggest." Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013) (internal citation omitted). Nevertheless, the liberal reading accorded to pro se pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended." Stinson v. Sheriff's Dep't., 499 F. Supp. 259, 262 (S.D.N.Y. 1980).

The Federal Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss all claims against them for lack of personal jurisdiction. To defeat a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of making a prima facie showing that the court may exercise personal jurisdiction over the defendant. In re Ski Train Fire, 230 F. Supp. 2d 403, 406 (S.D.N.Y. 2015). "Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d 68, 81 (2d Cir. 2018) (internal citation and quotation marks omitted). This Court "construes

---

[1] The Court may consider extrinsic evidence submitted by the parties for the purposes of a Rule 12(b)(2) motion to dismiss. Laborers Local 17 Health & Ben. Fund v. Philip Morris, Inc., 26 F. Supp. 2d 593, 604 (S.D.N.Y. 1998).

all of the plaintiff's allegations as true and resolves all doubts in its favor." Brown v. Web.com Grp., Inc., 57 F. Supp. 3d 345, 353 (S.D.N.Y. 2014). In deciding a 12(b)(2) motion to dismiss, this Court first looks to establish "whether there is a statutory basis for exercising personal jurisdiction," and next, whether the "exercise of jurisdiction comports with due process." Elsevier, Inc. v. Grossman, 77 F. Supp. 3d 331, 341 (S.D.N.Y. 2015) (internal citations and quotation marks omitted). "The breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located." Thomas v. Ashcroft, 470 F.3d 491, 495–96 (2d Cir. 2006). Thus, this Court must "determine whether personal jurisdiction is appropriate pursuant to [New York]'s general jurisdiction statute, C.P.L.R. § 301, or its long-arm jurisdiction statute, C.P.L.R. § 302(a)." Brown, 57 F. Supp. 3d at 353.

N.Y. C.P.L.R. § 301 allows courts in New York to exercise general personal jurisdiction over individuals who are "domiciled in New York, have a physical presence in New York, . . . consent to New York's exercise of jurisdiction, [or,] . . . 'do[ ] business' in [New York]." Pinto-Thomaz v. Cusi, No. 15-CV-1993 (PKC), 2015 WL 7571833, at *3 (S.D.N.Y. Nov. 24, 2015) (internal citations omitted). Plaintiff has made no factual proffers that would support a finding that the named Federal Defendants have the level of extensive connections to New York required to meet the general personal jurisdiction requirements. Furthermore, Plaintiff has failed to controvert the declarations of Diaz and Julian, in which those Defendants deny that they have any such connections. The Court therefore concludes that it lacks general personal jurisdiction over the named Federal Defendants and turns to the question of specific jurisdiction under New York's long arm statute, N.Y. C.P.L.R. § 302(a).

Under New York's long arm statute, a federal court sitting in New York may exercise specific personal jurisdiction over a non-domiciliary defendant "who in person or through an agent":

1. transacts business within the state or contracts anywhere to supply goods or services in the state; or
2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
   (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
   (ii) expect or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a). Plaintiff does not make any allegations that could support a finding that the Federal Defendants are subject to the exercise of specific jurisdiction under section 302(a). Julian and Diaz proffer evidence that they have never traveled to New York on official business, owned property or resided in the state, or engaged in business transactions related to the state. See Thomas, 470 F.3d at 495-96 (affirming dismissal for lack of personal jurisdiction of claims brought in New York against federal agents, who were based and resided in California, that arose from the plaintiff's arrest in California, because the agents did not meet the requirements of section 302(a)). The Court also finds no basis to conclude that the harm from the alleged violations was felt within New York. Thus, the Court concludes that it lacks specific personal jurisdiction over the Federal Defendants.

Since this Court lacks general and specific personal jurisdiction over the Federal Defendants, all claims against the Federal Defendants are dismissed pursuant to Rule 12(b)(2). [2]

City Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted. (See Docket Entry No. 44.) In determining whether a plaintiff has set forth the "short and plain statement of the claim showing that [he is] entitled to relief" required by the Federal Rules (see Fed. R. Civ. P. 8(a)(2)), the Court looks to whether the allegations in the complaint establish the "facial plausibility" of the plaintiff's claims. Ashcroft v. Iqbal, 556 U.S. 662, 678-78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Such a showing "must be enough to raise a right to relief above the speculative level," requiring "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (internal quotation marks omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court assumes the truth of the facts asserted in the complaint and

---

[2] To the extent the Complaint can be construed to assert claims against the Federal Defendants in their official capacity, this Court lacks subject matter jurisdiction under the doctrine of sovereign immunity, unless such immunity is waived. Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005). Whereas any claims for interference with a constitutional right must be brought as a Bivens action against Federal officials in their individual capacities, such claims brought against Federal Defendants in their official capacities must be brought under a tort theory against the United States pursuant to the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. §§ 1346(b), 2671-80; Dowdy v. Hercules, No. 07-CV-2488(ENV)(LB), 2010 WL 169624, at *4–6 (E.D.N.Y. Jan. 15, 2010). To the extent the Complaint can be construed to assert any FTCA claims against the United States, this Court lacks subject matter jurisdiction because Plaintiff failed to meet FTCA's exhaustion requirement by filing an administrative notice of claim. (Beatty Decl. ¶ 4.) 28 U.S.C. § 2675(a); McNeil v. U.S., 508 U.S. 106, 113 (1993).

draws all reasonable inferences from those facts in favor of the plaintiff. See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

Defendants argue that Plaintiff's claims arising from the February 20, 2014, search are time-barred. Ordinarily, the statute of limitations is an affirmative defense that must be asserted and proven by defendant. See Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425–26 (2d Cir. 2008). However, such an affirmative defense may be raised in a pre-answer Rule 12(b)(6) motion to dismiss "[w]here the dates in a complaint show that an action is barred by a statute of limitations." Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989). Since the date that the cause of action accrued is clearly specified in the complaint, this court may consider the timeliness of Plaintiff's claims for the purposes of this 12(b)(6) motion.

It is well settled that courts should look to the state's general personal injury tort statute of limitations for Section 1983 and Bivens claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007); see also Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987) (applying the same statute of limitations to Section 1983 claims and Bivens claims). Here, the date of the alleged illegal, warrantless search was February 20, 2014, and the Complaint was filed on February 16, 2017, nearly three years later. (Compl. ¶ 13.) City Defendants argue that Plaintiff's claims are time-barred by Puerto Rico's one-year statute of limitations, although they would be timely under New York's three-year statute of limitations. Compare e.g., Iravedra v. Pub. Bldg. Auth., 283 F. Supp. 2d 570, 577 (D.P.R. 2003) (applying a one-year statute of limitations in a Section 1983 action in Puerto Rico pursuant to 31 L.P.R.A. § 5298(2)), with Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004) (applying a three-year statute of limitations to a Section 1983 action in New York pursuant to N.Y. C.P.L.R. § 214). Although courts have adopted different methods to determine whether the statute of limitations of the forum state or the state in which

the cause of action arose should apply, Plaintiff's claim is barred by the shorter Puerto Rico period under either analysis.

Courts have approached this issue in two different ways. Courts in the District of New Jersey and the Middle District of Tennessee, relying on language from Wallace v. Kato, a Supreme Court case in which the forum state and the state in which the cause of action arose were the same, have held that courts should apply the statute of limitations of the state in which the cause of action accrued. See Kato, 549 U.S. at 387 ("Section 1983 . . . looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations."); Aleynikov v. McSwain, Civ. No. 15-1170(KM), 2016 WL 3398581, at *6-*7 (D.N.J. June 15, 2016) (applying the New York statute of limitations in a Bivens action brought in New Jersey); Burke v. MacArthur, Civ. No. 15-6093, 2015 WL 5970725, at *4 (D.N.J. Oct. 13, 2015) (applying the Illinois statute of limitations in a Bivens action brought in New Jersey); Cedillo v. TransCor America, LLC, 131 F. Supp. 3d 734, 743-44 (M.D. Tenn. 2015) (applying the statute of limitations of each individual state, in a Section 1983 action in which claims arose from prisoner transport across six different states, to the particular claim involving that state).

Alternatively, the Seventh Circuit and the D.C. Circuit have applied the forum state's choice-of-law rules to determine which statute of limitations to apply. Malone v. Corrections Corp. of America, 553 F.3d 540, 542-43 (7th Cir. 2009) (reasoning that since the rules for Section 1983 litigation "track those that the state applies to private, personal-injury suits," it must mean "respecting the choice-of-law doctrines that states employ to select the appropriate personal-injury statute.") (internal citations omitted); Jones v. Kirchner, 835 F.3d 74, 81 (D.C. Cir. 2016) (endorsing the Malone approach as making "good sense because a state's

'statute[ ] of limitations cannot be divorced from the [other] associated rules that determine how long a plaintiff has to commence suit.'" (citing Malone, 553 F.3d at 542)).

Applying either approach in this instant case points to using Puerto Rico's statute of limitations. Here, Plaintiff's alleged violations of his federal rights stem from the search of his residence in Puerto Rico. See Forbes v. City of New York, No. 1:15-CV-3458-GHW, 2016 WL 6269602, at *3 (S.D.N.Y. Oct. 26, 2016) ("An unlawful search claim accrues at the time of the search."). Thus, even though Plaintiff brings his suit in New York, under the first approach, this Court would look to Puerto Rico's statute of limitations.

The second approach requires this Court to look to New York's choice-of-law doctrine. In New York, a nonresident plaintiff bringing suit based upon a cause of action that accrued outside of New York is subject to the "borrowing" statute, N.Y. C.P.L.R. § 202, which examines the statutes of limitations of both states and applies the shorter statute of limitations. N.Y. C.P.L.R. § 202; see e.g., Stuart v. Am. Cyanamid Co., 158 F.3d 622, 627 (2d Cir. 1998). Here, Puerto Rico has the shorter statute of limitations and Plaintiff's claim is untimely pursuant to section 202.

Accordingly, Plaintiff's claims as to the City Defendants are time-barred and must be dismissed pursuant to Rule 12(b)(6).[3]

CONCLUSION

---

[3] To the extent the Complaint can be construed to assert a Section 1983 claim for conspiracy to misrepresent evidence arising out of the search of Plaintiff's home, that claim would also be time-barred under Puerto Rico's one-year limitation period, since this suit was brought over sixteen months after Plaintiff's September 21, 2015, sentencing on the charges stemming from the allegedly illegal search, which would represent the latest opportunity for City Defendants to make a relevant misrepresentation to the prosecutors or the court in the associated criminal case.

For the foregoing reasons, Defendants' motion to dismiss the Complaint is granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Although Plaintiff has not updated his address with the Court, the New York State Department of Correctional Services Inmate Lookup service lists Plaintiff's current facility as Lincoln Correctional Facility. The Clerk of Court is directed to update the docket accordingly

[*the remainder of this page is intentionally left blank*]

and to mail any subsequent correspondence to the Lincoln Correctional Facility address listed at the end of this Memorandum Order.

This Memorandum Order resolves Docket Entry Nos. 37, 44.

SO ORDERED.

Dated: New York, New York
November 28, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copies mailed to:
Ramon Delgado-Perez, 16-A-1336
Lincoln Correctional Facility
31-33 West 110th Street
New York, New York 10026-4398

Ramon Delgado-Perez, 16-A-1336
Franklin Correctional Facility
P.O. Box 10
62 Barehill Road
Malone, New York 12953